IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY LOTTIE, R30062, | ) |
| | ) |
|                        **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | )   Case No. 24-cv-2185-DWD |
| SGT. CAGE, | ) |
| WARDEN WILLIAMS, | ) |
| JOHN JOHNSON, | ) |
| | ) |
|                        **Defendants.** | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Jeffrey Lottie, an inmate of the Illinois Department of Corrections (IDOC) housed at Vandalia Correctional Center (Vandalia), brought this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Plaintiff's allegations relate to the defendants' response when he injured his pinky in June of 2024. Plaintiff dated his Complaint July 15, 2024, and it was received for filing in the Central District of Illinois on August 14, 2024. (Doc. 1 at 15). On October 29, 2024, the Court directed Plaintiff to show cause about his exhaustion of his administrative remedies prior to filing suit. Plaintiff has now responded. (Doc. 15).

### Background

As the Court previously explained in the Show Cause Order (Doc. 12), Plaintiff signed and dated his complaint on July 15, 2024, (Doc. 1 at 15), and it was received for filing by the United States District Court for the Central District of Illinois on August 14,

2024. On August 18, 2024, the case was transferred to this District because Vandalia is located within the jurisdiction of the Southern District of Illinois. 28 U.S.C. § 93(b); (Doc. 4).

In the Complaint, Plaintiff alleged that he injured his pinky while lifting weights during yard time at Vandalia on June 4, 2024. (Doc. 1 at 5). At the end of yard time, he informed Defendant Cage of his injury, but Cage refused to take immediate action and told Plaintiff to drop a sick call slip to be seen the next day. On June 5, 2024, he was sent to the hospital, and he ultimately received surgery on June 13, 2024. (Doc. 1 at 6). On June 28, 2024, he alleges Defendant John Johnson mishandled his injury while he should have been performing a dressing change. He further states, "I have written to Warden Williams and as usual I haven't received not even a reply on the request slip. Nor has my grievance come back to me with her signature that she has seen it yet." (Doc. 1 at 7). He also checked a box on the form that indicated he had begun the grievance process, but that it was not yet completed. (Doc. 1 at 4).

In response to the Order to Show Cause, Plaintiff indicates in a single paragraph that he did all that he could to exhaust his remedies, and that he has continued to attempt to keep in contact with the Administrative Review Board (ARB) about his grievances (he has now been released from prison). In support of his response, he submitted grievance documentation that shows he submitted a first grievance about his pinky on June 24, 2024. (Doc. 15 at 9). It was assigned number K15-0624-0195. On June 26, 2024, he received a receipt for the first level counselor review (Doc. 15 at 5), on July 26, 2024, he got a receipt that it had proceeded to the second level of grievance officer review (Doc. 15 at 6), and

on August 12, 2024, he appealed to the ARB (Doc. 15 at 3). On September 10, 2024, the ARB returned the grievance and identified defects with the substantive information he had provided. (Doc. 15 at 2). Plaintiff also submitted a second grievance about medical treatment/staff conduct that was recorded on July 10, 2024, (Doc. 15 at 7), and proceeded to second level review on August 12, 2024. His records do not indicate the outcome of this grievance.

## Analysis

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey*, 544 F.3d 739, 740 (7th Cir. 2008). For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. Although it is generally appropriate to wait for a defendant to raise an affirmative defense, the Seventh Circuit has noted that "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). A plaintiff can plead himself out of court, and if he includes allegations "that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Although a plaintiff need not anticipate or overcome an

affirmative defense like exhaustion, if he alleges facts sufficient to establish that an affirmative defense applies, "the district court may dismiss the complaint on that ground." *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015).

Here, Plaintiff injured his hand on June 4, 2024, and he also complains of post-operative treatment he received as late as June 28, 2024. He filed his complaint on July 15, 2024. He stated in the complaint that he had not yet received a response to his grievance from the Warden, and he checked a box indicating he had filed a grievance but that the grievance process was not yet complete. The grievance records submitted in response to the Order to Show Cause clearly and unequivocally show that both of Plaintiff's grievances were still pending at the prison at the time he signed the complaint in mid-July, and that they remained pending at the prison or with the ARB even when his complaint was received in the Central District of Illinois on August 14, 2024. A sue first, exhaust later approach is not acceptable and cannot be excused, so Plaintiff's lawsuit must be dismissed without prejudice for failure to exhaust administrative remedies. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) ("A premature lawsuit must be dismissed without prejudice, and the prisoner must file a new suit after fully exhausting administrative remedies."). If Plaintiff wishes to refile this lawsuit, he may do that in a separate action.

## Disposition

Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to exhaust administrative remedies. The Clerk of Court is **DIRECTED** to enter judgment and to CLOSE this case.

**IT IS SO ORDERED.**

Dated: December 27, 2024

/s *David W. Dugan*

_____
DAVID W. DUGAN
United States District Judge